UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Jarrett R. Jenkins,
                             Plaintiff,

        -against-

AmeriCredit Financial Services Inc.,
d/b/a GM Financial
                             Defendant,
-----------------------------------------------------------X

**VERIFIED COMPLAINT**

**CV-14 5687**

**TRIAL BY JURY DEMANDED**

**FEUERSTEIN, J**

**TOMLINSON, M**

Comes now the Plaintiff Jarrett R. Jenkins respectfully submits and alleges as follows:

## PARTIES

1. Plaintiff Jarrett R. Jenkins resides at 334 Locust Street, Apt-1, West Hempstead, NY 11552-3044.

2. Defendant GM Financial ("GM") is a financial institution with its principle place of business at 801 Cherry Street, Suite 3600, Fort Worth, TX 76102-6855.

3. Upon information and belief its registered agent is Corporation Service Company, 80 State Street, Albany, NY 12207-2543

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 USC §1331 and pursuant to The Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC §1681 et. seq and The Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 USC §1692 et. seq.

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District Of New York.

6. Upon information and belief Defendant is usually a financial institution however in regards to this action the Defendant at all relevant times was engaged, by the use of the mail, telephone and the credit reporting system in the business of attempting to a collect a "debt" as defined by 15 U.S.C. § 1692a(5).

1

7. GM Financial is a "debt Collector" as defined by 15 U.S.C. § 1692a(6) because upon information and belief they acquired the alleged debt when it was in default.

8. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

9. Equifax, Transunion and Experian are credit reporting agencies within the meaning of the FCRA 15 U.S.C. §1681a(f).

10. Consumer credit report is a consumer report within the meaning of FCRA 15 U.S.C. §1681a(d).

11. Defendant reports these debts to the national credit reporting agencies i.e. Experian, Equifax, and Transunion; as such is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

12. On or about October 8, 2012 the Plaintiff pulled his credit report and found that from at least April 2008 to present day the Defendant had entered into the Plaintiff's Equifax credit report claiming an alleged but **non existent debt** owed to them with partial account #44145XXXX in the amount of $26,476.00.

13. The Plaintiff disputed the accuracy and correctness of the GM tradeline with Equifax via USPS certified mail on or about December 3, 2012.

14. On or about December 13, 2012 the Plaintiff received a copy of the results of the Equifax reinvestigation which indicated that "status of the account had been updated. And so the tradeline continued to be reported in the Plaintiff's Equifax credit report to present day. See *Exhibit-1*

15. On or about October 1, 2012 the Plaintiff pulled his credit report and found that from at least April 2008 to present day the Defendant had entered into the Plaintiff's Transunion credit report claiming an alleged but **non existent debt** owed to them with partial account #44145**** with a high balance of $25,948.00.

16. The Plaintiff disputed the accuracy and correctness of the GM tradeline with Transunion via USPS

certified mail on or about December 3, 2012.

17. On or about December 18, 2012 the Plaintiff received a copy of the results of the Transunion investigation which indicated that there was "new information below". And so the tradeline continued to be reported in the Plaintiff's Transunion credit report until present day. See *Exhibit-2*

18. On or about October 1, 2012 the Plaintiff pulled his credit report and found that from at least April 2008 to present day the Defendant had entered into the Plaintiff's Experian credit report claiming an alleged but **non existent debt** owed to them with partial account #44145.... with a charged-off amount of $26,476.00.

19. The Plaintiff disputed the accuracy and correctness of the PRA tradeline with Experian via USPS certified mail on or about December 3, 2012.

20. On or about January 8, 2013 the Plaintiff received a copy of the results of the Experian reinvestigation which indicated that the account was verified as belonging to me and "updated". And so the tradeline continued to be reported in the Plaintiff's Experian credit report until present day. See *Exhibit-3*

21. On or about December 10, 2012 the Plaintiff sent the Defendant a letter asking GM to validate the alleged but **non existent debt**, which they received on December 14, 2012. See *Exhibit-4a*

22. On or about January 21, 2013 the Plaintiff sent the Defendant a second letter asking GM to validate the alleged but **non existent debt**, which they received on January 24, 2013. See *Exhibit-4b*

23. On or about February 10, 2013 the Plaintiff sent the Defendant a third letter asking GM to validate the alleged but **non existent debt**, which they received on February 14, 2013. See *Exhibit-4c*

24. On or about February 10, 2013 the Plaintiff sent the Defendant a fourth letter this time addressed to the CEO of GM Dan Berce requesting validation of the alleged but **non existent debt**,

which was received on February 13, 2013. See *Exhibit-4d*

25. On or about July 9, 2014 the Plaintiff sent the Defendant a fifth letter via fax and mail this time addressed to Mrs. Kenda Hayes requesting validation of the alleged but **non existent debt**, which was received on July 9, 2014 via fax and via mail on July 14, 2014 . See *Exhibit-4e*

26. Dispite numerous requests from the Plaintiff, to date the Defendants have failed to provide any general ledger accounting or proper validation of the alleged debt claimed to be owed by the Plaintiff.

27. Prior to and within 30 days of the first appearance of the GM tradeline in April 2008 into the Plaintiff's Equifax, Experian and Tranunion credit reports the Plaintiff was unaware of any contact whether through the mail or by telephone made by the Defendant, if there was any.

28. The Plaintiff ponders; that if he never was in default to GM and he never had any kind of relationship, business or otherwise with the Defendant or their predecessor(s), then how can any of the information being reported and communicated in his Equifax, Experian and Transunion credit reports be anything but false, derogatory and inaccurate. Furthermore by the reporting of such information into the Plaintiff's credit reports as a means to entice payment of an alleged but **non existent debt**, that behavior can only be deceptive, unfair and unconscionable.

29. The Plaintiff denies ever having any contractual agreement for credit, loans, or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here as there is no proof of any alleged debt. But the fact as to how is was or was not validated and the wrongful actions of the Defendant in an attempt to collect the alleged but **non existent debt**, continued collection activity by harassing, abusing, failing to provide adequate validation, using unfair, unconscionable and deceptive business practices upon the Plaintiff which includes the illegal repossession of the Plaintiff's vehicle on or about November 2010 and by inputting and reporting negative, false and inaccurate information into the Plaintiff's Equifax,

Experian and Transunion credit reports after the Plaintiff asked for validation of the alleged but **non existent debt** and disputed the tradeline with Equifax, Experian and Transunion, violated the civil rights of the Plaintiff.

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

30. Paragraphs 1 through 29 re-alleged as though fully set forth herein.

31. From on or about December 10, 2012 to July 14, 2014 the Defendant received five separate "requests for validation" from the Plaintiff asking them to properly validate the alleged but **non existent debt** under the FDCPA . See *Exhibits 4a-4e*. That demand was never complied with and so any continued action in regards to the collection of the alleged but **non existent debt** were blatant violations of various sections of the FDCPA as follows:

   a. Defendant violated §1692d(5) of the FDCPA by engaging in conduct of which the natural result was the abuse and harassment of the Plaintiff by inputting false, derogatory and inaccurate information in the Plaintiff's Equifax credit report and updating and certifying said report from October 2013 to present day.   See *Exhibit-1*

   b. Defendant violated §1692d(5) of the FDCPA by engaging in conduct of which the natural result was the abuse and harassment of the Plaintiff by inputting false, derogatory and inaccurate information in the Plaintiff's Experian credit report and updating and certifying said report from October 2013 to present day.   See *Exhibit-3*

   c. Defendant violated §1692d(5) of the FDCPA by engaging in conduct of which the natural result was the abuse and harassment of the Plaintiff by inputting false, derogatory and inaccurate information in the Plaintiff's Transunion credit report and updating and certifying said report from October 2013 to present day.   See *Exhibit-2*

d. Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character and amount of the alleged debt in the Plaintiff's Equifax credit report from October 2013 to present day.

e. Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character and amount of the alleged debt in the Plaintiff's Experian credit report from October 2013 to present day.

f. Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character and amount of the alleged debt in the Plaintiff's Transunion credit report from October 2013 to present day.

g. Defendant violated §1692e(8) of the FDCPA by communicating to Equifax credit information which they knew or should have known to be false from October 2013 to present day. The Defendant knew or should have known the information they were communicating to Equifax was false because the Plaintiff never had any kind of relationship, business or otherwise with the Defendant or their predecessor(s).

h. Defendant violated §1692e(8) of the FDCPA by communicating to Experian credit information which they knew or should have known to be false from October 2013 to present day. The Defendant knew or should have known the information they were communicating to Experian was false because the Plaintiff never had any kind of relationship, business or otherwise with the Defendant or their predecessor(s).

i. Defendant violated §1692e(8) of the FDCPA by communicating to Transunion credit information which they knew or should have known to be false from October 2013 to present day. The Defendant knew or should have known the information they were communicating to Transinion was false because the Plaintiff never had any kind of relationship, business or

otherwise with the Defendant or their predecessor(s).

j. Defendant violated §1692f(1) of the FDCPA by using the Plaintiff's Equifax credit report as a means to collect on the alleged but **non existent debt**. That behavior was unfair and unconscionable because the collection of any amount is forbidden (including the interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. The Defendant to this day never produced that agreement or brought forth any legal or lawful obligation that was owed by the Plaintiff after the Plaintiff requested such proof. See *Exhibits 4a-4e*

k. Defendant violated §1692f(1) of the FDCPA by using the Plaintiff's Experian credit report as a means to collect on the alleged but **non existent debt**. That behavior was unfair and unconscionable because the collection of any amount is forbidden (including the interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. The Defendant to this day never produced that agreement or brought forth any legal or lawful obligation that was owed by the Plaintiff after the Plaintiff requested such proof. See *Exhibits 4a-4e*

l. Defendant violated §1692f(1) of the FDCPA by using the Plaintiff's Transunion credit report as a means to collect on the alleged but **non existent debt**. That behavior was unfair and unconscionable because the collection of any amount is forbidden (including the interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. The Defendant to this day never produced that agreement or brought forth any legal or lawful obligation that was owed by the Plaintiff after the Plaintiff requested such proof. See *Exhibits 4a-4e*

m. Defendant violated §1692g(b) of the FDCPA by not ceasing collection activity in the

Plaintiff's Equifax credit report from October 2013 to present day. Even after receiving the Plaintiff's multiple requests for validation from on or about December 14, 2012 to July 14, 2014. See *Exhibits 4a-4e*

n. Defendant violated §1692g(b) of the FDCPA by not ceasing collection activity in the Plaintiff's Experian credit report from October 2013 to present day. Even after receiving the Plaintiff's multiple requests for validation from on or about December 14, 2012 to July 14, 2014. See *Exhibits 4a-4e*

o. Defendant violated §1692g(b) of the FDCPA by not ceasing collection activity in the Plaintiff's Transunion credit report from October 2013 to present day. Even after receiving the Plaintiff's multiple requests for validation from on or about December 14, 2014 to July 14, 2014. See *Exhibits 4a-4e*

32. As a direct and proximate result of one or more or all of the statutory violations above the Plaintiff has suffered actual damages which includes but is not limited to emotional distress (*see Exhibit 5*) and the denial of credit from multiple creditors. See *Exhibit 6*

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the court enter an order against the Defendant, GM Financial that:

1. Declares that the Defendant's conduct violated the FDCPA;
2. Award statutory damages as listed under the FDCPA 813[15 USC§1692k] of $1,000.00,
3. Award actual damages as listed under the FDCPA 813[15 USC§1692k],
4. Award costs and attorneys fees as listed under the FDCPA 813[15 USC§1692k],
5. Other damages as allowed by the court.

## COUNT II
## FAIR CREDIT REPORTING ACT VIOLATIONS

33. Paragraphs 1 through 32 are re-alleged as though fully set forth herein.

34. From on or about December 3, 2012 the Plaintiff sent his "Notice of Dispute" to Equifax, disputing the accuracy and correctness of the PRA tradeline in his credit report. In turn, after receiving the "notice of dispute" from Equifax the Defendant had a duty and obligation under the FCRA, 15 U.S.C. §1681 s-2b to conduct a proper and reasonable investigation as required by the statute. That demand was never complied with and so any continued reporting of the negative, false and inaccurate tradeline by the Defendant into the Plaintiff's Equifax credit report monthly became a separate violation of the statute. By the continued reporting of the false, negative and inaccurate information into the Plaintiff's Equifax, report on the alleged but **non existent debt** without conducting a proper and reasonable investigation as required by 15 U.S.C. §1681 s-2b demonstrates a willful and knowing disregard for the law or in the alternative negligence of the law. This behavior and violations occurred from December 2012 to present (**22 months, 22 violations**).

35. From on or about December 3, 2012 the Plaintiff sent his "Notice of Dispute" to Experian, disputing the accuracy and correctness of the PRA tradeline in his credit report. In turn, after receiving the "notice of dispute" from Experian the Defendant had a duty and obligation under the FCRA, 15 U.S.C. §1681 s-2b to conduct a proper and reasonable investigation as required by the statute. That demand was never complied with and so any continued reporting of the negative, false and inaccurate tradeline by the Defendant into the Plaintiff's Experian credit report monthly became a separate violation of the statute. By the continued reporting of the false, negative and inaccurate information into the Plaintiff's Experian, report on the alleged but **non existent debt** without conducting a proper and reasonable investigation as required by 15 U.S.C. §1681 s-2b demonstrates a willful and knowing disregard for the law or in the alternative negligence of the law. This behavior and violations occurred from December 2012 to present (**21 months, 21 violations**).

36. From on or about December 3, 2012 the Plaintiff sent his "Notice of Dispute" to Transunion,

disputing the accuracy and correctness of the PRA tradeline in his credit report. In turn, after receiving the "notice of dispute" from Transunion the Defendant had a duty and obligation under the FCRA, 15 U.S.C. §1681 s-2b to conduct a proper and reasonable investigation as required by the statute. That demand was never complied with and so any continued reporting of the negative, false and inaccurate tradeline by the Defendant into the Plaintiff's Transunion credit report monthly became a separate violation of the statute. By the continued reporting of the false, negative and inaccurate information into the Plaintiff's Transunion, report on the alleged but **non existent debt** without conducting a proper and reasonable investigation as required by 15 U.S.C. §1681 s-2b demonstrates a willful and knowing disregard for the law or in the alternative negligence of the law. This behavior and violations occurred from December 2012 to present (**22 months, 22 violations**).

37. Defendant, GM Financial violated 15 U.S.C. §1681 s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information the Defendant had provided to Equifax, Experian and Transunion.

38. Defendant, GM Financial violated 15 U.S.C. §1681 s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian and Transunion pursuant to §1681i.

39. Defendant, GM Financial violated 15 U.S.C. §1681 s-2(b)(1)(c) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any to Equifax, Experian and Transunion.

40. Defendant, GM Financial violated 15 U.S.C. §1681 s-2(b)(1)(D) by failing to notify Equifax, Experian and Transunion that the reporting of the Defendants tradeline was inaccurate, incomplete, false and misleading.

41. As a direct and proximate result of one or more or all of the statutory violations above the Plaintiff has suffered actual damages in the forms of emotional distress (*see* Exhibit 5) and the denial of credit from multiple creditors (*see* Exhibit 6).

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the court enter an order against the Defendant, GM Financial that:

1. Declares that the Defendant's conduct violated the FCRA;
2. Award statutory damages as listed under the FCRA, 15 U.S.C. §1681n (a)(1)(A) of $1000 per violation, or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o
3. Award costs and attorneys fees as listed under the FCRA, 15 U.S.C. §1681n (a)(3) and or o,
4. Award punitive damages as the court may allow as listed under the FCRA, 15 U.S.C. §1681n (a)(2), or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o
5. Other damages as allowed by the court.

Respectfully Submitted,

September 29, 2014

*[signature]*
Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt-1
West Hempstead, NY 11552-3044
516-841-3132
jrobertjenkins@gmail.com

11