| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE: A. KATHLEEN TOMLINSON   DATE: 5-5-2015
           U.S. MAGISTRATE JUDGE   TIME: 3:41 p.m. (1 hr. 33 mins.)

*Jenkins v. Americredit Financial Services, Inc.*
**CV 14-5687 (SJF) (AKT)**

TYPE OF CONFERENCE:  **DISCOVERY STATUS CONFERENCE**

APPEARANCES:  Plaintiffs:  Jarrett R. Jenkins, Pro Se

                  Defendant:  Daniel M. Kessler

FTR:  3:41-5:14

THE FOLLOWING RULINGS WERE MADE:

    The Court previously scheduled today's conference to address any issues remaining after the parties engaged in their good faith meet-and-confer obligations under Local Civil Rule 37.3. The Court reviewed each of the disputes and issued the following rulings.

1. **As to Plaintiff's Interrogatory No. 8:** if there is an underlying services contract or services agreement between The Huntington National Bank and defendant Americredit, I have directed defendant's counsel to produce the document. If, after conferring with his client, defendant's counsel's contends that there is no such agreement, then I have directed that the client provide a declaration or affidavit to that effect. Defendant has two weeks to comply with this directive.

2. **As to Plaintiff's Interrogatory No. 10**: the Court finds this interrogatory to be argumentative and will not require the defendant to provide any further response.

3. **As to Plaintiff's Interrogatory No. 9**: defendant's counsel is directed to confirm with his client that the way Americredit verifies the debt is exactly what has been represented to Mr. Jenkins.

4. **As to Plaintiff's Document Request No. 11**: plaintiff seeks any policy manual, procedures manual or the documents which provides instructions to employees of the defendant as to how to confirm the accuracy of debts assigned to the defendant from another financial entity. I have directed defendant's counsel to go back and speak with his client to determine if such material exists. If defendant takes the position that there are no such instructions, then defendant's counsel must confirm this fact in writing to the plaintiff within two weeks.

5. **As to Plaintiff's Document Request No. 4**: apparently, defendant's counsel produced the responsive document in redacted form. Plaintiff wants and unredacted copy. I told the plaintiff that he can file a letter motion seeking to compel production of the unredacted document but that he has to explain to the Court why such action should be taken and why the purported redacted information is relevant to his claims.

6. **As to Plaintiff's Document Request No. 7**:   defendant's counsel will speak to his client to see if there is a receipt or wire showing Americredit's payment for this one particular debt of the plaintiff or whether the payment was made in the aggregate for multiple debts. Defendant's counsel is directed to respond in writing to the plaintiff within two weeks after he speaks with his client.  A copy of that communication is to be provided to the Court as well.

7. **As to Plaintiff's Document Request No. 8**:   Defendant provided a copy of the account payment history in response this request. However, plaintiff is seeking a document from the company which shows the date the debt at issue was entered on the company's general ledger. Defendant states that his client advised him that this is the only ledger for the plaintiff's account. I have directed defendant's counsel to once again confer with his client (and his client's accountant if necessary) to find out if the plaintiff's purported debt was specifically and individually entered on the *general* ledger of the company.  Defendant's counsel is directed to respond to this issue in writing to the plaintiff.

8. **As to Plaintiff's Document Request No. 9**:   the Court will not require defendant to make any further response.

9. **As to Plaintiff's Document Request No. 11**:   the Court finds that this matter has already been addressed.

10. **As to Plaintiff's Document Request No. 12**: the Court is directing Americredit to turn over any communications between Equifax (any other credit reporting agency) and the defendant regarding the plaintiff's account and/or any communication between Equifax (and any other credit reporting agency) and the plaintiff if that communication was copied to the defendant

11. **As to Plaintiff's Document Request No. 13**:   the Court finds that no further responses required of the defendant.

12. **As to Defendant's Document Request Nos. 1-22**:  Plaintiff states that he does not have the records sought (documents regarding plaintiff's ownership of the vehicle) because he did not keep them at the time he received them, not anticipating that there might be litigation several years later.  Plaintiff stated that he owned the car for two years, at which time the car was repossessed.  It was not until two years later that issues arose regarding plaintiff's credit report. Defendant's counsel noted that plaintiff had subpoenaed records from the Garden City dealership where he purchased the vehicle and provided copies of that material to the defendant's counsel.

13. **As to Defendant's Document Request Nos. 23-24, 26-27, 29-30**: Plaintiff is directed to provide the enclosures or attachments to the documents Plaintiff has already produced and those materials are to be provided within two weeks.

14. **As to Defendant's Document Request No. 32**:   The Court finds that no further response by Plaintiff is needed.

15. **As to Defendant's Document Request No. 39:** Plaintiff confirmed that he is seeking statutory damages as well as actual damages for emotional distress and "illegal" repossession of the vehicle.  Plaintiff has two weeks to quantify the damages and turn that information over to defendant's counsel.

16. **As to Defendant's Interrogatory No. 1:**   The Court directed the parties to have a further discussion to try to resolve this issue since apparently there was no time (or not enough time) spent on this item.

   The Court then moved on to the subject of depositions.  The parties are due to appear before Judge Feuerstein on July 29 and I reminded them that all discovery has to be completed before that appearance.  As to depositions, the Court gave the following directives.

17. Plaintiff wishes to take a Rule 30(b)(6) deposition of the defendant.  I have directed plaintiff to serve the Rule 30(b)(6) Notice, with the attached list of specific topic areas for the deposition, upon defendant's counsel within one week.

18. Plaintiff also wishes to take the deposition of the individual who executed the assignment for the defendant. It appears that the name of the individual on the document is Colin Davis. Defendant's counsel does not know whether Colin Davis still works for Americredit and I have directed him to obtain that information from his client promptly.  If Davis does not work for the company any longer, defendant must provided Davis' last known address and plaintiff will then need to serve a subpoena.

19. Defendant wishes to take the plaintiff's deposition and counsel does not contemplate any other depositions at this time.

20. All depositions must be completed by the end of June.

21. If either party intends to move for summary judgment, counsel are directed to Judge Feuerstein's Individual Practice Rules.  The following schedule is set for summary judgment motion practice:

   - Movant's motion papers, Rule 56.1 Statement of Undisputed Facts and Memorandum of Law must be served by July 28, 2015;
   - Opposition papers, Rule 56.1 Counterstatement and Memorandum of Law must be served by August 31, 2015;
   - Movant's reply papers, if any, must be served by September 9, 2015.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge